UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SMR Equestrian, LLC,                                    Case No. 19-42698-TJT
                                                        Chapter 7
                              Debtor.                   Hon. Thomas J. Tucker
_____/

**TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF
BUSINESS ASSETS FREE AND CLEAR OF LIENS, CLAIMS,
AND ENCUMBRANCES WITH ALL LIENS, CLAIMS, AND
ENCUMBRANCES ATTACHING TO THE PROCEEDS OF SALE**

### Jurisdiction

1.      SMR Equestrian, LLC filed a petition for relief under Chapter 7 of the

U.S. Bankruptcy Code on February 26, 2019. Mark H. Shapiro is the Chapter 7

Trustee for the Debtor's bankruptcy estate.

2.      This motion is brought under 11 U.S.C. § 363 and B.R. 6004(c).

3.      This is a core proceeding over which this Court has jurisdiction. *See*

28 U.S.C. § 157(b)(2)(A) and (N) and 28 U.S.C. § 1334.

### Background

4.      The Debtor operates a horse riding school and boarding facility in

Oakland County, Michigan.

5.      When the bankruptcy was filed, the Debtor owned, among other

things, the following assets:

| Scheduled Asset | Scheduled Value |
| --- | --- |
| Horse boarding and horse lease agreements | Unknown |
| Accounts Receivable, less than 90 days old | $19,379 |
| Accounts Receivable over 90 days old, likely uncollectable $21,000 | $0 |
| 6 horses | $13,500 |
| Horse training and related items | $5,875 |
| Feed and supplements | $600 |
| Office furniture | $0 |
| 2017 American Dump Trailer | $2,000 |
| website: www.smrequestrian.com | unknown |
| John Deere Utility Tractor and Loader | $20,000 (subject to security interest of John Deere Financial) |

(the "Business Assets").

6.      Some of the horse-lease agreements have already expired, others will expire in the summer of 2019. The boarding agreements are verbal or short-term and service based. The Trustee believes that the horse-lease and boarding agreements have minimal, if any, value.

7.      Since the case was filed, receivables owing for less than 90 days have reduced to approximately $4,300 and receivable over 90 days have reduced to approximately $15,000.

8.     Ascend Equestrian, LLC is interested in purchasing the Business Assets for $25,383.16 ($14,000 cash plus a credit for $11,383.16 in expenses paid to keep the business operating post-petition).

9.     With the exception of the John Deere Utility Tractor and Loader, the Business Assets will be sold free and clear of liens, claims, and interests. The John Deere Utility Tractor and Loader will be sold subject to all liens, claims, and interests.

10.     The Trustee has accepted the offer subject to further competitive bidding and bankruptcy court approval.

11.     The estate's interest in the Business Assets will be sold as is, without representation or warranties, whether expressed or implied, including, but not limited to, any warranties of merchantability or fitness for a particular purpose.

12.     The Trustee and Ascend Equestrian have negotiated in good faith, and this is an arms-length transaction.

## Basis for Authority to Sell Business Assets

13.     A trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b).

14.     Section 363(g) permits the Trustee to sell property free and clear of any vested or contingent right of dower or curtesy.

3

15.     A trustee may sell property of the estate free and clear of all liens, claims, and interests asserted in or against the property being sold if—

> ➢ Such a sale is permitted under applicable nonbankruptcy law;

> ➢ The party asserting the interest consents to the sale;

> ➢ The property interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

> ➢ The property interest is subject to a bona fide dispute; or

> ➢ The party asserting the property interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

11 U.S.C. § 363(f).

16.     The Court may approve a sale free and clear of all property interests, so long as one of the requirements of § 363(f) is satisfied. *See In re Elliot*, 94 B.R. 343, 345 (D. Pa. 1988).

17.     The Trustee believes that any property interest asserted against the Business Assets (with the exception of the John Deere Utility Tractor and Loader) would be subject to money satisfaction or meet one of the other § 363(f) requirements.

18.     To the extent that any property interests are asserted against the Business Assets (with the exception of the John Deere Utility Tractor and Loader),

those property interests will attach to the net proceeds of sale with the same validity and priority as they attach to the estate's interest in the Business Assets.

19.     The Trustee believes that a sound business justification exists for the sale. The Business Assets are not necessary for any reorganization effort; the sale is not subject to a commission or brokerage fee; and there is non-exempt equity in the Business Assets.

## Additional Sale Terms

20.     An auction sale of the Business Assets is set for April 17, 2019, at the offices of Trustee's counsel, Steinberg Shapiro & Clark.

21.     On or before April 12, 2019, persons wishing to submit competing bids must provide Trustee's counsel with a cashier's check or money order deposit in the amount of at least $2,000, payable to "Mark H. Shapiro, Trustee". The successful bidder's deposit will be non-refundable and applied towards the purchase price. Interested bidders must also provide evidence of an ability to fund the sale. The Trustee will maintain sole discretion to determine if interested bidders are qualified to bid based on their ability to close.

22.     Competing bids will begin at $28,000 and continue in increments of at least $1,000.

23. The 14-day stay provided for in Bankruptcy Rule 6004(h) shall not be in effect with respect to the sale, and the proposed order will be effective and enforceable immediately upon entry.

24. Ascend Equestrian will be deemed a good faith purchaser for purposes of 11 U.S.C. § 363(m).

## Request for Relief

The Trustee requests that this Court enter an order approving the proposed sale and granting such further relief as this Court deems appropriate.

Steinberg Shapiro & Clark

/s/ Tracy M. Clark (P60262)
Attorney for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: March 26, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SMR Equestrian, LLC,                           Case No. 19-42698-TJT
                                               Chapter 7
                   Debtor.                     Hon. Thomas J. Tucker
_____/

## ORDER APPROVING SALE OF BUSINESS ASSETS
## FREE AND CLEAR OF LIENS, CLAIMS, AND
## ENCUMBRANCES WITH ALL LIENS, CLAIMS, AND
## ENCUMBRANCES ATTACHING TO THE PROCEEDS OF SALE

Chapter 7 Trustee Mark H. Shapiro filed a motion to sell the Business

Assets[1] described in the motion to for at least $25,383.16. All parties in interest

were served with notice of the motion, and no objections were timely filed.

IT IS ORDERED as follows:

A.     The Trustee's motion is granted in its entirety.

B.     The proposed sale of the Business Assets for at least $25,383.16 is

approved.

C.     The Trustee may close the sale on the offer made by Ascend

Equestrian, LLC, or, if an auction is held as provided in the Trustee's motion, the

Trustee will select the bid at the conclusion of the auction that the Trustee believes

to be the highest or best value for the property and close with the selected bidder.

---

[1] The assets that comprise the Business Assets are described in the Trustee's motion.

D.     The successful purchaser at the public sale, or Ascend Equestrian, LLC if no auction is held, must pay the full amount of the successful bid to "Mark H. Shapiro, Trustee" within 24 hours after the date set for the public sale.

E.     If the Business Assets are sold to Ascend Equestrian, LLC, Ascend will receive a credit of $11,383.16 toward the purchase price for expenses paid by Ascend to keep the business operating post-petition.

F.     Upon receipt of the purchase price, the Trustee shall provide the successful purchaser with a bill of sale evidencing the transfer of the estate's interest in the Business Assets to the successful purchaser.

G.     Title to the Business Assets will transfer "as is, where is," and without representation or warranty, expressed or implied, of any kind, nature, or description, including, without limitation, any warranty of title or of merchantability, usability, or fitness for any particular purpose.

H.     With the exception of the John Deere Tractor and Utility Trailer, the Business Assets are sold free and clear of all liens, claims, and encumbrances, with all such liens, claims, and encumbrances attaching to the net proceeds of sale to the same extent and having the same validity, priority, and enforceability as such interests had with respect to the Business Assets immediately before the sale. Any issue regarding the extent, validity, priority, and/or enforceability of any liens,

2

claims, or encumbrances against the sale proceeds will be determined by this court at a later date.

I.     The estate's interest in the John Deere Tractor and Utility Trailer is sold subject to liens, claims and interests.

J.     The Trustee may execute all documents and agreements and perform such acts as may be necessary and appropriate to implement, effectuate, and consummate the sale.

K.     All federal, state, and local governmental agencies and departments are ordered and directed to accept all filings necessary and appropriate to consummate the transactions contemplated by this order.

L.     The 14-day stay provided for in Bankruptcy Rule 6004(h) shall not be in effect with respect to the sale, and this order is effective and enforceable immediately upon entry.

M.     Ascend Equestrian LLC is deemed a good faith purchaser for purposes of 11 U.S.C. § 363(m).

N.     The Court shall retain jurisdiction to enforce the terms of this order.

3

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

SMR Equestrian, LLC, xx-xxx6524                    Case No. 19-42698-TJT
3255 Stoney Creek Road                             Chapter 7
Oakland Township, MI 48363                         Hon. Thomas J. Tucker

        Debtor.
_____/

## NOTICE OF TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF BUSINESS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES WITH ALL LIENS, CLAIMS, AND ENCUMBRANCES ATTACHING TO THE PROCEEDS OF SALE

The Trustee of SMR Equestrian, LLC's bankruptcy estate intends to sell, for at least $25,383.16, the bankruptcy estate's interest in certain business assets. The Debtor operates a horse riding school and boarding facility in Oakland County, Michigan. When the bankruptcy was filed, the Debtor owned, among other things, the following assets: horse boarding and horse lease agreements, accounts receivable, six horses, horse training and related items, feed and supplements, office furniture, 2017 American Dump Trailer, website: www.smrequestrian.com, John Deere Utility Tractor and Loader (subject to security interest of John Deere Financial) (the "Business Assets"). Some of the horse-lease agreements have already expired, others will expire in the summer of 2019. The boarding agreements are verbal or short-term and service based. The Trustee believes that the horse-lease and boarding agreements have minimal, if any, value. Since the case was filed, receivables owing for less than 90 days have reduced to approximately $4,300 and receivable over 90 days have reduced to approximately $15,000. Ascend Equestrian, LLC is interested in purchasing the Business Assets for $25,383.16 ($14,000 cash plus a credit for $11,383.16 in expenses paid to keep the business operating post-petition). With the exception of the John Deere Utility Tractor and Loader, the Business Assets will be sold free and clear of liens, claims, and interests. The John Deere Utility Tractor and Loader will be sold subject to all liens, claims, and interests.

| | |
|---|---|
| Date of public sale: | April 17, 2019, at 10:00 a.m. EST[1] |
| Location of sale: | Offices of Steinberg Shapiro & Clark[2]<br>25925 Telegraph Rd. Suite 203<br>Southfield, MI 48033 |

Terms of sale: This is a cash sale. Prospective bidders are required to provide the Trustee with a cashier's check or money order deposit in the amount $2,000 no later than April 12, 2019; and adequate documentation to show an ability to fund the sale. Competing bids will begin at $28,000 and continue in increments of $1,000. The successful purchaser's deposit will be non-refundable and applied toward the purchase price. The balance of the purchase price is due within 24 hours after the date of the public sale. Other terms and conditions may be obtained by contacting Tracy M. Clark, attorney for Trustee, at (248) 352-4700.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Trustee's motion, or if you want the Court to consider your views on the motion, then within 14 days from the date this notice is served you or your attorney must:

File with the Court a written objection or request for hearing, explaining your position at:[3]

U.S. Bankruptcy Court
211 West Fort Street
Detroit, Michigan 48226

If you mail your objection or request for hearing to the Court for filing, you must mail it early enough to the Court will **receive** it before the 14 day period expires. All attorneys are required to file pleadings electronically.

---

[1] The date and time of the sale is subject to change by the Trustee with notice to prospective bidders that have timely submitted deposits.
[2] Bidders may participate by phone.
[3] Objection or request for hearing must comply with Fed. R. Civ. P. 8(b), (c), and (e).

Serve a copy on:

      Tracy M. Clark, Esq.
      Steinberg Shapiro & Clark
      25925 Telegraph Rd., Suite 203
      Southfield, Michigan 48033

If an objection or request for hearing is timely filed, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

      Steinberg Shapiro & Clark


      /s/ Tracy M. Clark (P60262)
      Attorney for Trustee
      25925 Telegraph Rd., Suite 203
      Southfield, MI 48033
      (248) 352-4700
      clark@steinbergshapiro.com

Date:  March 26, 2019

3

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SMR Equestrian, LLC,                          Case No. 19-42698-TJT
                                              Chapter 7
                    Debtor.                   Hon. Thomas J. Tucker
_____/

## CERTIFICATE OF SERVICE

I certify that on March 26, 2019, I served copies as follows:

| | |
|---|---|
| Documents Served: | Trustee's Motion for Order Approving Sale of Business Assets Free and Clear of Liens, Claims, and Encumbrances with all Liens, Claims, and Encumbrances Attaching to the Proceeds of Sale; 14 Day Notice; Certificate of Service |
| Served Upon: | Henry Wineman, Esq. Frasco Caponigro Wineman Scheible Hauser & Luttmann 1301 W Long Lake Rd., Suite 250 Troy, MI 48098 hw@frascap.com |
| Method of Service: | Email |
| Documents Served: | Trustee's Motion for Order Approving Sale of Business Assets Free and Clear of Liens, Claims, and Encumbrances with all Liens, Claims, and Encumbrances Attaching to the Proceeds of Sale; 14 Day Notice; Certificate of Service |
| Served Upon: | John Deere Financial Deere & Company 6400 NW 86th Street PO Box 6600 Johnson, IA 50131-6600 |

| | |
|---|---|
| Method of Service: | First Class Mail |

| | |
|---|---|
| Document Served: | Notice of Trustee's Motion for Order Approving Sale of Business Assets Free and Clear of Liens, Claims, and Encumbrances with all Liens, Claims, and Encumbrances Attaching to the Proceeds of Sale |

| | |
|---|---|
| Served Upon: | All non-ECF parties listed on attached Official Court Matrix |

| | |
|---|---|
| Method of Service: | First Class Mail |

/s/ Christine T. Leach, Legal Assistant
Steinberg Shapiro & Clark
Attorneys for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
cleach@steinbergshapiro.com

Label Matrix for local noticing
0645-2
Case 19-42698-tjt
Eastern District of Michigan
Detroit
Tue Mar 26 14:52:59 EDT 2019

Amy Diez
5465 N. Livernois
Oakland Twp., MI 48306-2531

Ashley Craine
2425 Texter Rd.
Leonard, MI 48367-3031

Bob Bockrath
2871 Ambleside Ct.
Rochester, MI 48306-4920

Cassar Farms
8298 Lake Pine Drive
Commerce Township, MI 48382-4571

Chase (INK) / Cardmember Service
Account Inquiries)
PO Box 15298
Wilmington, DE 19850-5298

Tracy M. Clark
Steinberg Shapiro & Clark
25925 Telegraph Rd.
Suite 203
Southfield, MI 48033-2527

Denise Gutek
2012 Dunham Dr.
Rochester, MI 48306-4804

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Ed Gemellaro (obo Elaina Gemellaro)
6023 Blue Beech Rd.
Rochester Hills, MI 48306-3501

Fernando Quirindongo
fbo Alana Quirindongo, a minor
4076 Old Dominion Drive
West Bloomfield, MI 48323-2653

Home Depot Credit Services
Customer Service Inquiries
PO Box 790328
Saint Louis, MO 63179-0328

Internal Revenue Service
SBSE/Insolvency Unit
P.O. Box 330500-Stop 15
Detroit, MI 48232

Internal Revenue Service***
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Jill Schubiner
1061 N. Old Woodward
Birmingham, MI 48009-5409

John Deere Financial
Deere & Company
6400 NW 86th Street
PO Box 6600
Johnston, IA 50131-6600

Kimberly Wiggins
950 Harmon
Birmingham, MI 48009-1333

Kimberly Williams
776 Ridgedale Ave.
Birmingham, MI 48009-5786

Larry Robertson
1142 Maple Leaf Drive
Rochester Hills, MI 48309-3715

Michael D. Lieberman
31313 Northwestern Hwy.
Suite 200
Farmington Hills, MI 48334-2577

Linda & Brett Stern
984 Oakland Ave.
Birmingham, MI 48009-5759

Lisa Capoccia
5250 Hummer Lake
Oxford, MI 48371-2806

Maryann Combs
3585 Stoney Creek Rd.
Oakland, MI 48363-1851

Melissa Kassin
3125 Silverbrok Drive
Rochester Hills, MI 48306-1499

NL-REL, LLC
30100 Telegraph Rd., Suite 366
Bingham Farms, MI 48025-5800

Neil & Renee Fraser
3790 Piccadilly Drive
Rochester Hills, MI 48309-4537

Oakland Hills Equestrian Center, LLC
3255 Stoney Creek Road
Oakland, MI 48363-1848

Oakland Hills Equestrian Center, LLC
c/o Maxwell Goss, Esq.
370 E. Maple Rd., Third Floor
Birmingham, MI 48009-6303

SMR Equestrian, LLC
3255 Stoney Creek Road
Oakland Township, MI 48363-1848

Sarah Meyers
2760 International Dr.
Apt. 622C
Ypsilanti, MI 48197-8524

Sarah Robertson
3255 Stoney Creek Road
Oakland, MI 48363-1848

Mark H. Shapiro
25925 Telegraph Rd.
Suite 203
Southfield, MI 48033-2527

Mark H. Shapiro
Steinberg Shapiro & Clark
25925 Telegraph Rd.
Suite 203
Southfield, MI 48033-2527

Stephen P. Stella
645 Griswold
Ste. 3466
Detroit, MI 48226-4216

Stephanie Marcus
3460 Grove Lane
Auburn Hills, MI 48326-3980

Steven Flannery
30714 Helmandale Dr.
Franklin, MI 48025-1577

Susan Hallinan
10705 Kingston Ave.
Huntington Woods, MI 48070-1115

Susan Williams
3012 Talon Circle
Lake Orion, MI 48360-2608

Suzanne Sadek
1323 Northlawn Blvd.
Birmingham, MI 48009-5007

Timothy Sullivan
3255 Stoney Creek Road
Oakland, MI 48363-1848

Timothy Sullivan
c/o Maxwell Goss, Esq.
370 E. Maple Rd., Third Floor
Birmingham, MI 48009-6303

United States Attorney
Civil Division
211 West Fort Street, Ste. 2001
Detroit, MI 48226-3220

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Financial Services
PO Box 15316
Wilmington, DE 19850

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Larry M. Robertson

(u)Tracy Reinhold
Address unknown

End of Label Matrix
Mailable recipients    41
Bypassed recipients     2
Total                  43