UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SMR Equestrian, LLC,                        Case No. 19-42698-TJT
                                            Chapter 7
                    Debtor.                 Hon. Thomas J. Tucker
_____/

## ORDER APPROVING SALE OF BUSINESS ASSETS
## FREE AND CLEAR OF LIENS, CLAIMS, AND
## ENCUMBRANCES WITH ALL LIENS, CLAIMS, AND
## ENCUMBRANCES ATTACHING TO THE PROCEEDS OF SALE

Chapter 7 Trustee Mark H. Shapiro filed a motion to sell the Business

Assets[1] described in the motion to for at least $25,383.16. All parties in interest

were served with notice of the motion, and no objections were timely filed.

IT IS ORDERED as follows:

A.    The Trustee's motion is granted in its entirety.

B.    The proposed sale of the Business Assets for at least $25,383.16 is

approved.

C.    The Trustee may close the sale on the offer made by Ascend

Equestrian, LLC, or, if an auction is held as provided in the Trustee's motion, the

Trustee will select the bid at the conclusion of the auction that the Trustee believes

to be the highest or best value for the property and close with the selected bidder.

_____

[1] The assets that comprise the Business Assets are described in the Trustee's motion.

D.     The successful purchaser at the public sale, or Ascend Equestrian, LLC if no auction is held, must pay the full amount of the successful bid to "Mark H. Shapiro, Trustee" within 24 hours after the date set for the public sale.

E.     If the Business Assets are sold to Ascend Equestrian, LLC, Ascend will receive a credit of $11,383.16 toward the purchase price for expenses paid by Ascend to keep the business operating post-petition.

F.     Upon receipt of the purchase price, the Trustee shall provide the successful purchaser with a bill of sale evidencing the transfer of the estate's interest in the Business Assets to the successful purchaser.

G.     Title to the Business Assets will transfer "as is, where is," and without representation or warranty, expressed or implied, of any kind, nature, or description, including, without limitation, any warranty of title or of merchantability, usability, or fitness for any particular purpose.

H.     With the exception of the John Deere Tractor and Utility Trailer, the Business Assets are sold free and clear of all liens, claims, and encumbrances, with all such liens, claims, and encumbrances attaching to the net proceeds of sale to the same extent and having the same validity, priority, and enforceability as such interests had with respect to the Business Assets immediately before the sale. Any issue regarding the extent, validity, priority, and/or enforceability of any liens,

claims, or encumbrances against the sale proceeds will be determined by this court at a later date.

      I.     The estate's interest in the John Deere Tractor and Utility Trailer is sold subject to liens, claims and interests.

      J.     The Trustee may execute all documents and agreements and perform such acts as may be necessary and appropriate to implement, effectuate, and consummate the sale.

      K.     All federal, state, and local governmental agencies and departments are ordered and directed to accept all filings necessary and appropriate to consummate the transactions contemplated by this order.

      L.     The 14-day stay provided for in Bankruptcy Rule 6004(h) shall not be in effect with respect to the sale, and this order is effective and enforceable immediately upon entry.

      M.     Ascend Equestrian LLC is deemed a good faith purchaser for purposes of 11 U.S.C. § 363(m).

      N.     The Court shall retain jurisdiction to enforce the terms of this order.

**Signed on April 15, 2019**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**